**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PATRICK KERNICK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 18-1505 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| N.A.R. INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant's Motion (Doc. 5) to compel arbitration will be granted.

This is an FDCPA action. Plaintiff entered into a cardholder agreement with a bank ("the bank"), who assigned the account to Defendant for collection. The cardholder agreement contained an arbitration agreement. The arbitration agreement, among other things, stated: "This agreement to arbitrate [c]laims includes all controversies and claims of any kind between us. It also includes any disputes you have with our agents, contractors, employees, officers or assignees . . . ." *See* Doc. 6-2 at pg. 25 of 25 (emphasis added).

Plaintiff has not disputed that there was a valid assignment between the bank and Defendant. The only question is whether Defendant, who is not a direct-signatory to the cardholder agreement, can invoke the arbitration agreement based on its status as assignee.

The Court of Appeals for the Third Circuit's decision in White v. Sunoco, Inc., while providing some context, is not dispositive. *Id.*, 870 F.3d 257 (3d Cir. 2017). In that case, there had been no assignment between the contracting-party, whose agreement contained the arbitration clause, and the non-signatory third-party. *See id.* at 267-68; *see also* Dist. Ct.'s

Mem., 189 F. Supp.3d 486, 494 (E.D. Pa. 2016) (third-party seeking to invoke arbitration

agreement was not a "predecessor, successor, heir, <u>assignee</u>, or trustee in bankruptcy")

(emphasis added).  Thus, the <u>White</u> court's criticism, that the third-party "confuse[d] the nature

of the claims covered by the arbitration clause with the question of who can compel arbitration,"

is inapposite here.  *See* <u>White</u>, 870 F.3d at 267.

Rather, it is beyond reasoned dispute that the instant claims are covered by the arbitration

agreement.  *See* discussion *supra* (arbitration agreement extends to "disputes you have with our

agents, contractors, employees, officers or <u>assignees</u>") (emphasis added).  As to who may

enforce the arbitration agreement, the <u>White</u> court's general teachings, which echo preexisting

legal standards, are most telling:  an arbitration provision can "only be enforced by signatories to

it," "<u>unless contract, agency, or estoppel principles dictated otherwise.</u>"  *Id.* at 261 (emphasis

added).

Turning to the proper focus – assignment – the law is clear.  Courts in our circuit

routinely have recognized, in this context, that arbitration-rights are enforceable by assignees.

*See, e.g.*, <u>Gates v. Northland Grp., Inc.</u>, 2017 WL 680258, *3 (D. N.J. Feb. 21, 2017) ("where the

credit card issuer assigned the debt to a debt collector, the debt collector was authorized invoke

the arbitration provision from the cardholder agreement to move to dismiss the plaintiff's

FDCPA claims in favor of arbitration") (citation omitted); <u>Herndon v. Green Tree Serv. LLC</u>,

2016 WL 1613973, *5-6 (M.D. Pa. Apr. 22, 2016) (applying Maryland law, but noting its

consistency with Pennsylvania's; and holding that, when the scope-of-claims in the arbitration

agreement includes those against "assigns," the assignee stands in "the shoes" of the contracting

party and may invoke the arbitration provision) (citations omitted); <u>Jeffreys v. Midland Credit</u>

Mgmt., Inc., 2016 WL 4443164, *2 (D. N.J. Aug. , 2016) (holding same, after multiple-levels of assignment).

In this Court's view, <u>White</u> did not alter the legal-landscape, at least with respect to the specific issue presented here. Any cases seemingly friendly to Plaintiff's positions are distinguishable; most apparently, those clarifying that there had been no assignment. *See, e.g.*, <u>Pacanowski v. Alltran Fin.</u>, 271  F. Supp.3d 738, 746 (M.D. Pa. 2017) ("It is undisputed that [the bank] did not assign the Card Agreement to [the defendant debt-collector].").[1]

Consistent with the foregoing, Defendant's Motion (**Doc. 5**) to enforce arbitration is **GRANTED**. Plaintiff's action is **DISMISSED** and, if he chooses to pursue his claims, he may submit those claims to arbitration in accordance with the arbitration-agreement. A Rule 58-Judgment will issue contemporaneously herewith.

IT IS SO ORDERED.


June 10, 2019                                s\Cathy Bissoon_____
                                            Cathy Bissoon
                                            United States District Judge


cc (via ECF email notification):

All Counsel of Record

---

[1]  Some case-decisions have gone fairly "deep in the weeds" regarding whether the scope-of-assignment related only to the "debt" in question, or extended to the agreement-to-arbitrate. *See, e.g.*, <u>Lance v. Midland Credit Mgmt. Inc.</u>, 2019 WL 1318542, *8 (E.D. Pa. Mar. 22, 2019) (granting discovery to investigate whether the assignment extended to right of arbitration). The Court questions whether this level of hairsplitting (often) is warranted – but that matters-not in this case. Nowhere in Plaintiff's opposition does he attempt to draw the distinction; and Defendant's evidence is sufficient. *See* Doc. 6-2 at 18 of 25 ("[a]ssignment of [d]ebt" included "the cause of action, and[/]or [the bank's] claim and demand," "together with all [the bank's] rights and interest" in the "account and claim"; assignment granted Defendant "full power to sue, accept payments on . . ., collect, reassign, or <u>in any other legal manner</u> enforce collection") (emphasis added).